WILLIAM F. GRAHAM *et al.,* appellants, *v.* JAMES DAY *et al.,* appellees.

*Appeal from La Salle.*

The decision in regard to sales of land on execution *en masse,* (*Day* v. *Graham,* 1 Gilm. 435,) affirmed.

On the 29th of April 1839, several tracts of land and town lots were sold by a sheriff on execution *en masse,* to the attorney of the plaintiff in the execution. In December following, a portion of the same were again sold by other judgment creditors, and deeds subsequently given by the sheriff, they not being aware of any previous judgment or sale against their debtor until the summer of 1842, when the attorney in the former execution exhibited his deed. In November of the latter year, they entered their motion to set aside the prior sale, which was taken under advisement by the Court until November, 1843, when it was overruled, and that judgment was subsequently, in 1844, affirmed by the Supreme Court. Immediately after this decision, in April 1845, a bill was filed to set aside the sale, and the defendants set up the lapse of time in bar of the relief sought by the complainants: *Held,* that the delay, being satisfactorily accounted for, was no bar to the relief.

BILL IN CHANCERY, in the La Salle Circuit Court, filed by the appellees against the appellants, April 21, 1845, to set aside a sheriff's sale *en masse* of divers tracts of land and town lots. The sale was vacated by a decree at the November term 1846, the Hon. John D. Caton presiding.

The facts, as alleged in the bill, the substance of defendants' answers, and of the decree of the Court below in the case, are fully stated in the Opinion of the Court.

*S. T. Logan,* for the appellants.

*A. T. Bledsoe,* for the appellees.

The Opinion of the Court was delivered by

TREAT, J.   In April, 1845, James Day, Lyman Rhodes, Charles Weed, William H. Weed, Charles R. Swords, William M. Halstead and Edward Corning exhibited their bill in Chancery, in the La Salle Circuit Court, against William F. Graham, John V. A. Hoes, Edwin S. Leland, Henry L. Brush, and fourteen others.

Graham *et al. v.* Day *et al.*

,The bill alleges, that the defendant Graham recovered a judgment against the complainant Day, and the other defendants, except Hoes, on the 22d of September 1847, for $246·29 debt, and $22·75 costs, and that an execution issued thereon on the 20th of October, on which was collected $233·55; that an *alias* execution issued on the 8th of April, 1839, on which the sheriff made return, that he levied the same on eight tracts of land, containing seven hundred and twenty acres, and four town lots; and that on the 29th of the same month, he offered the lands and lots for sale in separate parcels, and there being no bid for any of them, he sold the whole in a body to the defendant Hoes for $50·62, which satisfied the judgment; that on the 30th of July 1840, the sheriff conveyed the land and lots to Hoes, the deed reciting the sale of the property *en masse*, which deed was filed for record on the 14th of April, 1842; that Hoes was the attorney of Graham in recovering the judgment; that the title to the lands and lots was mostly in Day, and the whole was worth $4000; that at the April term 1838, the complainants, Rhodes and C. & W. H. Weed recovered a judgment against Day for $3355·21, and on an execution issued thereon, they purchased five of the tracts of land and one of the town lots for $2900, on the 20th of December 1839, and have since received a sheriff's deed therefor; that at the same term the complainants, Swords, Halstead & Corning recovered a judgment against Day for $1123·44, and under an execution issued thereon, they purchased two of the tracts of land for $900, on the 20th of December, 1839, which have since been conveyed to them by the sheriff; that Day has no other property out of which the judgment can be satisfied, and that he was, at the rendition of the judgments, and has been most of the time since, a lunatic, and incompetent to transact business; that the other complainants reside in New York, and their attorneys, Butterfield & Collins, have had the sole management of their interests; that their attorneys, after diligent search, could find no record of any judgment against Day, and never knew anything of the Graham judgment until the summer of 1842, when Hoes showed them

his deed from the sheriff; that at the November term 1842, their attorneys moved the Court to set aside the sale to Hoes, and the Court took the motion under advisement until the November term 1843, when it overruled the same, and this decision was affirmed by the Supreme Court at the December term 1844; and the bill dispenses with the oaths of the defendants to their answers, and prays that the sale and conveyance to Hoes may be set aside.

The defendant, E. S. Leland, admits the recovery of the judgments and the proceedings under them, as alleged in the bill; denies that the lands and lots were the property of Day, and worth $4000; denies the alleged incapacity and insolvency of Day; alleges that on the 6th of March, 1845, he purchased from Hoes, for the consideration of £500, two of the tracts of land, and received a warranty deed therefor; that this purchase was made in good faith, and without notice of the irregularity in the sale to Hoes, and that Hoes was then in the possession of a part of these tracts, and had made improvements thereon; insists that the complainants are barred by the lapse of time from avoiding the sale, and denies generally the other allegations of the bill.

Hoes admits the allegations of the bill respecting the recovery of the judgments, and the proceedings had under them, and that he was the attorney of Graham; states that Butterfield & Collins consulted him concerning the lands in the summer of 1842, when he informed them of his purchase, and showed them his deed from the sheriff; admits the motion in the Circuit Court to set aside the sale, gives a history thereof, and copies the affidavits introduced by him in resisting the application; denies that the lands and lots were worth $4000, and that the title was mostly in Day; denies that Day was either insane or insolvent; sets up the sale and conveyance to Leland, and alleges that he was in the possession of the two tracts of land at the time of the sale, and had made improvements thereon.

Graham admits the recovery of the judgment against Day and his co-defendants, and the proceedings thereon, and denies the other allegations of the bill. The defendants, Brush, Green, Pitzer, Bergen, Norris, L. Leland, Hale and the ad-

ministrators of Cloud, admit the recovery of Graham's judgment, and the proceedings under it, and deny generally the other allegations of the bill.

Replications were filed to these answers, and the bill was taken *pro confesso* against the other defendants. The cause was heard at the November term 1846. The decree recites that proof was made of the recovery of the judgments, and the proceedings under them; that the only entry made in the judgment docket of the rendition of the Graham judgment was this:

                                          "Sept. 22d, 1837.
"Brush, Henry L. *et al.*  |  William F. Graham. $246·29

                                                19·62½
                                                3·12½
                                          _____
                                                22·75;"

that Hoes was the attorney of record of Graham, and that he made the conveyance to Leland for two of the tracts of land, at the time stated in the answers, and for the expressed consideration of $500. The Court then decrees that the sale and conveyance to Hoes be set aside, and that Hoes and Leland be forever enjoined from asserting any title under the sheriff's deed; that the complainants pay to Hoes, or deposit with the clerk, to his use, the amount bid for the lands and lots, with legal interest, and that upon such payment or deposit, the Graham judgment shall be deemed to be satisfied; that Hoes pay the costs, and the Master in Chancery ascertain and report the value of the improvements made by Hoes, and the rents and profits received by him. To reverse this decree, Hoes and Leland prosecute an appeal.

This case is not a new one in this Court. It was here on a writ of error to the decision of the Circuit Court denying the motion to set aside the sale to Hoes. *Day* v. *Graham*, 1 Gilm. 435. That decision was affirmed solely on the ground that the application should have been addressed to a Court of Equity. The opinion was expressed that the sale was clearly irregular, and ought to be set aside. We are entirely satisfied with the reasons then given for that conclu-

Graham *et al. v.* Day *et al.*

sion, and shall not re-iterate them here. The prominent facts of the case remain unchanged, except that the defendant Leland has become the purchaser of a part of the land in question. So far as the other parties are concerned, the case is not essentially different. The defendant Hoes has shown no additional reason why he should be allowed, by a sweeping bid of a nominal sum, to obtain the title to a large quantity of real estate to the exclusion of the creditors of the owner, who have bid nearly four thousand dollars for a portion of the same property. For all of the purposes of this case, it sufficiently appears that Day was the owner of the land. The other complainants have treated it as his property, by purchasing it in for a large amount, in part satisfaction of their judgments against him. None of the defendants pretend to have any interest in the property, except Hoes and Leland, and they claim no title but what they acquired by virtue of the sale under Graham's judgment. It may seem singular that they should set up the imperfection of Day's title, as a reason why their purchase should be permitted to stand. This, however, has been the drift of the defence from the beginning of the controversy. The bad reputation of Day's titles, resulting from his careless mode of transacting business, and the imperfect state of things in the recorder's office is relied on as a good reason why the sale should be sustained. As this Court said in the former case, "all this may have justified great caution on the part of bidders, but will not justify such a sale to enable purchasers to make such fishing bids. They should have examined his titles, such as they were, and made their bids according to their opinion of his title to each tract." Hoes cannot complain of the terms on which the sale is set aside. He receives back the purchase money with legal interest, and if he has any just claim, on account of improvements made on the land, he can yet obtain compensation. The other defendants are not prejudiced by the setting aside of the sale. Graham has already received full payment of his debt, and the payment required to be made to Hoes will relieve the judgment debtors from all further liability, and operate as a

full satisfaction of the judgment. Leland is not a *bona fide* purchaser, without notice of the irregularity. He was a party to the judgment, and is therefore chargeable with full notice of the proceedings under it. Even if a stranger to the judgment in the first instance, he could not now deny notice. The irregularity distinctly appears on the face of the sheriff's deed, and as he claims title through the grantee of the sheriff, he is bound by the recitals in the deed.

The most plausible ground of defence is, that the complainants are barred by the lapse of time from obtaining the relief sought, more than five years intervening between the sale to Hoes and the filing of this bill to vacate it. If this long delay was not satisfactorily accounted for, the objection would probably be a fatal one. Such a sale is not absolutely void, but may be avoided by the injured party. He is at liberty to treat the sale as valid or invalid, but he ought to make his election within a reasonable time after he is informed of the irregularity. If he does not manifest his intention to take advantage of the irregular sale by the commencement of proceedings within a reasonable time, to vacate it, he will be deemed to have renounced his right to do so. But the circumstances of this case, when properly understood, do not show any want of diligence on the part of the complainants, who are the judgment creditors of Day, in the assertion of their rights. These creditors allege that they had no actual knowledge of the existence of the Graham judgment until the summer of 1842, long after they had bid in the property, and there is nothing in the case inconsistent with the truth of this allegation. Hoes makes the affidavits, introduced by him on the hearing of the motion, a part of his answer; and among them is his own affidavit, in which he swore that the complainants' attorneys applied to him in the summer of 1842, to commence actions of *ejectment* for the recovery of the lands purchased, for their clients, under the judgments, and he then apprised them that he had a conflicting claim to the lands, and produced his deed from the sheriff. The inference is very strong, that up to that time they were not aware of the sale to Hoes. The entry

in the judgment docket furnished no evidence of a judgment against Day. The judgment docket is intended by the statute to afford complete information of the existence and extent of a judgment, but the entry in the case of the Graham judgment was so defective as not to furnish the least notice to the creditors of Day; and this defective entry, although it did not affect the lien of the judgment, must not be regarded as furnishing the complainants with any actual notice of the judgment, or of any of the proceedings under it. The complainants made their motion to set aside the sale during the fall of 1842, and have been zealously engaged ever since in endeavoring to accomplish that object. They filed this bill immediately after the final decision against them on the first application. In the opinion of the Court, they have not been guilty of any laches in the prosecution of their rights.

The decree of the Circuit Court is affirmed, the costs in this Court to be paid by the appellants, Hoes and Leland.

*Decree affirmed.*